UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RYAN PERRY HARKEY,              )
                               )
            Petitioner,        )
                               )
    vs.                        )          Case No. 1:22-cv-00111-MTS
                               )
CLAY STANTON,[1]               )
                               )
            Respondent.        )

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Ryan Perry Harkey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. [1]. For the reasons set forth below, the petition will be denied.

## I.    Procedural Background

Petitioner is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri, within the Missouri Department of Corrections. In September of 2017, a jury convicted him of first-degree assault, and he was sentenced to 20 years' imprisonment. Doc. [6-5] at 1-2. On February 6, 2016, the Missouri Court of Appeals ("court of appeals") affirmed his conviction and sentence. *Id.* Following an evidentiary hearing, Petitioner's motion for postconviction relief pursuant to Supreme Court of Missouri Rule 29.15 was denied by the trial court. Doc. [6-7]. On November 9, 2021, the court of appeals affirmed the denial of postconviction relief. Doc. [6-10].

---

[1] Petitioner is currently housed at the Northeast Correctional Center in Bowling Green, Missouri. MISSOURI DEPARTMENT OF CORRECTIONS OFFENDER SEARCH, https://web.mo.gov/doc/offSearchWeb/search OffenderInfoAction.do (last visited Sep. 24, 2025). It is unclear from the record when he was transferred to that facility because Petitioner did not submit a change of address notice as required by Local Rule 2.06(B). The warden of that facility is Clay Stanton. Pursuant Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Clay Stanton is **SUBSTITUTED** for William Stange as the Respondent. The Clerk of Court shall be directed to mail a copy of this Memorandum and Order to Petitioner at the address on file and the Northeast Correctional Center.

Petitioner timely filed his § 2254 petition on August 19, 2022. Doc. [1].  He asserts ineffective assistance of trial counsel claims related to venue, jurors, and trial preparation.  Respondent filed a response in opposition, Doc. [6], to which Petitioner did not reply, rendering this matter fully briefed.

II.    **Factual and Procedural Background**

Because Petitioner does not challenge the factual findings of the state courts, they are presumed to be correct.  28 U.S.C. § 2254(e)(1).  Only facts relevant to Petitioner's claims are recounted below.

The evidence at trial revealed that Petitioner assaulted Ethan Flood ("Flood"). According to Petitioner, Flood was actually assaulted by Allan Biggs ("Biggs"), with whom Petitioner had been associating on the night of the assault.  Prior to trial, his counsel filed a motion for change of venue but did not subsequently pursue the motion because Petitioner did not want the case to be moved to a different county. Doc. [6-10] at 4.  During trial, Petitioner recognized a juror, Sarah Williams, but did not know how he knew her. *Id*. at 6.  Another juror, Peggy Rauh ("Rauh"), knew the grandmother of another of Petitioner's victims (in an unrelated crime), and, after examination by the trial court, was excused as a juror. *Id*. at 7-8.  There is no evidence that Rauh informed any of the other jurors of her relationship with the grandmother or that she made any other related comment to any of the other jurors. *Id*. at 8-9.

Petitioner's trial counsel spent several hours preparing Petitioner's voluntary testimony at trial.  Petitioner testified that he was not questioned by police officers after the assault. *Id*. at 10-11.  That testimony was rebutted by the testimony of Police Officer Orrin Hawkins who indicated that after Petitioner's arrest, he spoke to Petitioner about making a statement, but that Petitioner invoked his right to counsel *Id*. at 11.  Upon cross-examination, the State pointed out

inconsistencies in Petitioner's statements and that Petitioner lied about knowing a co-defendant. *Id*. As noted above, Petitioner was subsequently found guilty of assault by a jury.

On direct appeal, Petitioner raised only one issue before the court of appeals. He claimed that the trial court abused its discretion in sustaining the State's objection to the admission of an alleged inculpatory statement by Biggs. Doc. [6-5]. Petitioner presented four ineffective assistance of counsel claims in a motion for postconviction relief: (1) counsel should have pursued a change of venue; (2) counsel erred in failing to request the removal of juror Williams; (3) counsel should have sought a mistrial in relation to juror Rauh; and, (4) counsel failed to prepare him for testifying at trial and that his direct examination opened the door to otherwise inadmissible evidence. Docs. [6-8], [6-10].

Before this Court, Petitioner asserts the same ineffective assistance of trial counsel claims for the four reasons argued before the court of appeals. Doc. [1-1] at 2-5. Petitioner adds that trial counsel was also ineffective in failing to investigate and/or call witnesses Dr. Justin Murray, Curtis Reisenbichler, and/or Kevin White. *Id*. at 6-7. Petitioner makes no argument supporting his claims before this Court.

### III. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), allows for habeas relief in Federal court only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it

confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Brown v. Luebbers*, 371 F.3d 458, 461 (8th Cir. 2004) (citing *Early v. Packer*, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." *Id.*

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," *Brown*, 544 U.S. at 141; *Williams v. Taylor*, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (quoting *Williams*, 529 U.S. at 410–11).

When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1). Erroneous findings of fact by the state courts do not ensure the grant of habeas relief. Rather, the determination of these facts must be unreasonable in light of the evidence of record. *Id.*

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was

prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id*. at 689. Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. 12, 22–23 (2013) (quotation marks and citation omitted). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689; *see also Abernathy v. Hobbs*, 748 F.3d 813, 816 (8th Cir. 2014) (reviewing court must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions." (citation omitted)).

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." *Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted). Although *Strickland* requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective — [courts] need not first make a determination regarding deficiency." *Holder v. United States*, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)).

> First, under *Strickland,* the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. *Strickland*, 466 U.S. at 696. . . . To satisfy *Strickland*, the likelihood of a different result must be "substantial, not just conceivable." *Id.* Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect. *Harrington v. Richter*, 562 U.S. 86, 112, 101 (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102.

*Williams*, 695 F.3d at 831–32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Furthermore, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. *Odem v. Hopkins*, 382 F.3d 846, 849 (8th Cir. 2004).

## IV.    Discussion

As an initial matter, Petitioner only states his claims for relief. He does not provide any arguments in support of his claims that the court of appeals erred in its analysis of the grounds that he raises before this Court. That is, Petitioner has not shown how the latest state court to consider the merits of his claims either unreasonably applied constitutional law or unreasonably found the facts in light of the evidence. Federal habeas review is not a general review of a state criminal trial. Instead, this Court is "bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomhold v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To acquire federal habeas corpus relief, then, Petitioner must demonstrate "that the challenged state-

court ruling rested on an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (quotation marks and citation omitted). Without such a showing, his claims must fail. For this reason alone, the Petition must be denied in its entirety.

Nonetheless, even if the claims are considered, Petitioner has not presented any argument that would warrant habeas relief and some of his claims are procedurally defaulted.

State prisoners seeking habeas relief in federal court are typically limited to raising grounds that have been "fairly presented" in state court proceedings. *Deck v. Jennings*, 978 F.3d 578, 581 (8th Cir. 2020). Grounds raised in federal court that have not been presented in state court and for which there are no remaining state remedies are procedurally defaulted and should not be considered further. *Stephen v. Smith*, 963 F.3d 795, 799 (8th Cir. 2020). Procedural default also occurs when a state court's decision on a question of federal law "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Such procedurally defaulted grounds may nonetheless be considered if a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice (i.e. actual innocence). *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Coleman*, 501 U.S. at 750; *Morgan v. Javois*, 744 F.3d 535, 538-39 (8th Cir. 2013).

Petitioner did not raise his ineffective assistance of counsel claims at the court of appeals as to three potential witnesses, Dr. Justin Murray, Curtis Reisenbichler, and/or Kevin White. Although he presented this claim to the trial court, Doc. [6-6],[2] the claim was withdrawn or denied

---

[2] Petitioner claimed that Dr. Murray would testify that Flood was hit on the right side of his head, which would be consistent with the defense that Biggs struck him and not Petitioner. Doc. [6-6] at 32. This claim was withdrawn by Petitioner and not considered by the trial court Doc. [6-7] at 2 n.1.

by the trial court. Doc. [6-7].[3]  This claim was not included in his brief before the court of appeals. Doc. [6-8].  As such, it is procedurally defaulted.  *See Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) ("A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition" (quotation marks and citation omitted)).  Petitioner has not argued that there is cause and prejudice that should excuse the default.  *Marcyniuk v. Payne*, 39 F.4th 988, 995 (8th Cir. 2022).

As to Petitioner's remaining ineffective assistance of counsel claims, it is undisputed that the state court both reasonably applied controlling constitutional law and reasonably found the facts in light of the evidence.  In its opinion, the court of appeals held that in order to prevail on his ineffective assistance of counsel claims, Petitioner must demonstrate that counsel's performance fell below the standard of a reasonably competent attorney and that he was prejudiced as a result, the familiar *Strickland* standard.  The court went on to find that Petitioner could not demonstrate that counsel acted unreasonably and/or that he was prejudiced as a result of counsel's conduct.

Petitioner first claims that counsel should have pursued a change of venue to avoid negative pretrial publicity.  The state court found that "trial counsel acted consistently with Movant's desire to not pursue the motion for change of venue" and that "Movant failed to show the jurors were impacted by the pretrial publicity and therefore cannot show a reasonable probability of a different outcome had trial counsel pursued the change of venue motion." Doc. [6-10] at 5.   First, counsel

---

[3] As to potential witnesses Reisenbichler and/or White, Petitioner alleged that they would testify that Biggs told them that he had assaulted Flood. Doc. [6-6] at 34-35.  After an evidentiary hearing, the trial court found that Petitioner could not show that counsel's representation was inadequate or that the was prejudiced as a result.  The trial court found that his trial counsel made effort to locate beneficial witnesses and that there was no evidence that these witnesses would have been willing to testify for Petitioner or that any testimony would have been favorable to Petitioner. Doc. [6-7] at 10.

cannot be found ineffective for following a client's directions on fundamental trial decisions.  *See Taylor v. Steele*, 6 F.4th 796, 803 (8th Cir. 2021) ("Although counsel may violate a defendant's right to autonomy by deciding certain fundamental decisions regarding the case without the defendant's ultimate authority, it does not follow that counsel violates a defendant's right to effective counsel by yielding to the defendant's ultimate authority in either trial strategy or a fundament decision." (cleaned up)).  Second, "the presumption of inherent prejudice resulting from pretrial publicity is a principle rarely applicable, being reserved for extreme situations."  *Pruett v. Norris*, 153 F.3d 153, 584-85 (8th Cir. 1998).  No such circumstances have been shown in this matter.  As such, Petitioner has failed to show that counsel was ineffective in failing to pursue a change of venue motion nor has he shown that he was prejudiced as a result of counsel's actions.

Petitioner next states that counsel erred in failing to request the removal of juror Williams. The State court found that Petitioner told his counsel that this juror was "okay" and that there was no evidence that Petitioner's "passing and insubstantial" interaction with juror Williams had any influence on her deliberations.  Thus, the State court found that counsel followed Petitioner's instructions in not seeking to strike her as a juror and that there was no prejudice because there was no showing that she was biased against Petitioner.  As indicated above, counsel is not ineffective for following a client's instructions. Also, Petitioner makes no showing that juror Williams was biased.  *United States v. Needham*, 852 F.3d 830, 839 (8th Cir. 2017) ("Because courts presume that a prospective juror is impartial, establishing juror partiality is a high hurdle."). Accordingly, there is no showing that counsel was ineffective in failing to strike juror Williams.

Petitioner's third claim is that counsel should have sought a mistrial in relation to juror Rauh.  The State court found that there was no evidence that juror Rauh spoke to other jurors about her association with Petitioner and that mere speculation cannot support an ineffectiveness claim.

There is no error in the State court's finding.  *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (finding that mere speculation cannot meet the *Strickland* prejudice requirement). Accordingly, Petitioner has not demonstrated that counsel was ineffective in failing to seek a mistrial.

Finally, Petitioner claims that counsel failed to prepare him for testifying at trial, and that the direct examination opened the door to otherwise inadmissible evidence.  In addressing this claim, the court of appeals noted that the trial court found Petitioner's counsel's testimony credible, that he spent hours preparing Petitioner's testimony, and that Petitioner's testimony, that counsel only spent a total of one hour with him prior to trial, not credible.  Petitioner has presented no clear and convincing evidence that this conclusion is erroneous.  *Smulls v. Roper*, 535 F.3d 853, 861 (8th Cir. 2008); 28 U.S.C. § 2254(e)(1).  Next, the court of appeals found that counsel's decision to ask open-ended questions enjoys a strong presumption of reasonableness that Petitioner failed to rebut.  Certainly, matters of trial strategy are virtually unchallengeable on habeas review and Petitioner has offered no argument addressing this presumption.  *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002).  Accordingly, Petitioner has failed to show that counsel's conduct fell below that of a reasonably competent attorney.

In sum, Petitioner has failed to demonstrate that the State court either unreasonably found the facts in light of the evidence or unreasonably applied constitutional law in addressing Petitioner's claims.  Petitioner has therefore failed to overcome the doubly deferential standard afforded to the State court's decisions.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Ryan Perry Harkey for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order, and subsequent judgment, to Petitioner at his address on file and to the Northeast Correctional Center, 13698 Airport Road, Bowling Green, MO 63334.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (setting forth the standard for issuing a certificate of appealability).

A separate Judgment will accompany this Memorandum and Order.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2025.